BIGELOW, P. J., Concurring.
I concur in the judgment and reasoning of the majority opinion. I write separately to acknowledge that, in a prior case, I expressed the view that former section 66427.5 of the Government Code[1]— which then governed an application for a subdivision map to be created from the conversion of a rental mobilehome park to a resident-owned park—should not be interpreted to give authority to a local agency to deny such an application on the ground that the conversion was not “bona fide” in light of a survey of residents of the park. (See Carson Harbor Village, Ltd. v. City of Carson (Mar. 30, 2010, B211777) [nonpub. opn.j (dis. opn. of Bigelow, J.) (Carson Harbor Village).) The Supreme Court denied review in Carson Harbor Village on June 17, 2010 (SI82526), and, in the years since, at least two Courts of Appeal construed former section 66427.5 to give authority to a local agency to deny a conversion based on “consideration” of a survey of residents. (See, e.g., Chino MHC, LP v. City of Chino (2012) 210 Cal.App.4th 1049, 1069 [148 Cal.Rptr.3d 753].) It is fair to say that, whatever my views on the interpretation of former section 66427.5 may have been, that view will no longer carry the day. Here, I am satisfied that the evidence supports a finding that Imperial Avalon is pursuing a bona fide conversion, but does not support a finding that 218 Properties, LLC, is pursuing a bona fide conversion. Under former section 66427.5, each case must be determined based on its own facts.
All of this is largely an academic exercise in any event. As the majority opinion notes, the Legislature amended former section 66427.5, effective as of January 1, 2014. The section now expressly gives authority to a local agency to base a mobilehome park conversion decision on the results of *200 survey of the residents of the park. (See Stats. 2013, eh. 373.) Cases going forward, including all constitutional, statutory, procedural and factual issues, will need to be addressed under the new statute.
Petitions for a rehearing were denied June 13, 2014, and the opinion was modified to read as printed above. Appellants’ petition for review by the Supreme Court was denied August 13, 2014, S219505. Baxter, J., did not participate therein.

 All further section references are to the Government Code.